No. 24-5968
_____

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

RACHEL WELTY et al.,

*Plaintiffs-Appellees*,

v.

BRYANT DUNAWAY et al.,

*Defendants-Appellants*.
_____

On Appeal from the United States District Court
for the Middle District of Tennessee, No. 3:24-cv-768
_____

**PLAINTIFFS-APPELLEES' UNOPPOSED
MOTION TO DISMISS APPEAL AS MOOT**
_____

Plaintiffs-Appellees respectfully submit this motion to dismiss the appeal as moot. Because the district court has entered an order granting summary judgment to Plaintiffs-Appellees on their First Amendment claims and entering a permanent injunction, Defendant-Appellants' appeal from the district court's prior preliminary-injunction order is now moot. The Court should therefore dismiss this appeal.

This motion is supported by good cause as follows:

1.  This case is a pre-enforcement challenge to the constitutionality of the abortion-recruitment provision of Tenn. Code § 39-15-201(a). In this appeal,

1

Defendants-Appellants seek review of the district court's order granting a preliminary injunction barring them from enforcing the challenged law. *See Welty v. Dunaway*, 749 F. Supp. 3d 882 (M.D. Tenn. 2024), Memorandum, R.40, PageID ##538-586. Briefing on the preliminary-injunction appeal is complete, and oral argument is set for July 31, 2025.

2. While this appeal was pending, the parties filed cross-motions for summary judgment in the district court. On July 18, 2025, the district court granted in part and denied in part the motions for summary judgment. Memorandum Opinion and Order, R.81, PageID ##1101-1132.

3. Specifically, the district court granted summary judgment to Plaintiffs on their claims that the recruitment provision constitutes "impermissible viewpoint discrimination" and is "facially overbroad." *Id.* at PageID #1102. The district court therefore entered a permanent injunction enjoining Defendants from enforcing the recruitment provision. *Id.* at PageID ##1131-1132. At the same time, the district court granted summary judgment to Defendants on Plaintiffs' claim that the recruitment provision is unconstitutionally vague. *Id.* The district court's decision thus finally resolves the merits of all claims in this case.

4. In light of the district court's decision granting summary judgment, this preliminary-injunction appeal is moot. "In gauging the potential mootness of an appeal, [the Court] must focus on the request for relief in front of [it]." *Brown v. Yost*, 122 F.4th 597, 601 (6th Cir. 2024) (en banc). This Court has therefore "consistently

distinguished 'between mootness as to a preliminary-injunction appeal and mootness as to the case as a whole,'" noting that "a preliminary injunction may become moot on appeal even as the underlying controversy and the request for a permanent injunction remain live." *Id.* (quoting *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022) (en banc)).

5. In particular, "[a] final decision on the merits . . . 'extinguishes a preliminary injunction.'" *Adams v. Baker*, 951 F.3d 428, 429 (6th Cir. 2020) (quoting *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2016)). Accordingly, when summary judgment and a permanent injunction are entered while a preliminary-injunction appeal is pending, the preliminary-injunction appeal becomes moot. *See Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999) ("Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter."); *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010) (explaining that a preliminary injunction "dissolves *ipso facto* when a final judgment is entered in the cause").

6. The district court's decision granting summary judgment and a permanent injunction thus automatically dissolves the preliminary injunction, and the preliminary-injunction appeal should be dismissed as moot.

7. Counsel for Defendants-Appellants stated by email that Defendants-Appellants "agree that the final judgment renders the PI appeal moot." Defendants-Appellants have filed a letter to the same effect. *See* ECF 38-1.

Respectfully submitted this 18th day of July, 2025.

|  |  |
|---|---|
| Daniel A. Horwitz<br>Sarah L. Martin<br>HORWITZ LAW<br>4016 Westlawn Dr.<br>Nashville, TN 37209<br>(615) 739-2888<br>daniel@horwitz.law | */s/ William Powell*<br>William Powell<br>*Counsel of Record*<br>Gregory Briker<br>Shelby Calambokidis<br>Kelsi Brown Corkran<br>INSTITUTE FOR CONSTITUTIONAL<br>   ADVOCACY AND PROTECTION<br>Georgetown University Law Center<br>600 New Jersey Avenue NW<br>Washington, DC 20001<br>(202) 661-6629<br>whp25@georgetown.edu |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the appellate CM/ECF system on July 18, 2025. Listed counsel in this appeal are registered CM/ECF users who will be served by the appellate CM/ECF system.

*/s/ William Powell*
William Powell